

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

ENTERED
09/15/2016

| | | |
|---|---|---|
| IN RE: | § | |
| **PETROLEUM PRODUCTS & SERVICES,** | § | **CASE NO: 16-31201** |
| **INC.; dba WELLHEAD DISTRIBUTORS** | § | |
| **INT'L; dba WDI** | § | |
| Debtor(s) | § | |
| | § | **CHAPTER  11** |
| | § | |
| **PETROLEUM PRODUCTS & SERVICES,** | § | |
| **INC.** | § | |
| Plaintiff(s) | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 16-03113** |
| | § | |
| **KANA ENERGY SERVICES, INC.,** *et al* | § | |
| Defendant(s) | § | |

## MEMORANDUM OPINION

Debtor Petroleum Products & Services, Inc. d/b/a Wellhead Distributors International ("WDI") initially filed this lawsuit against Kana Energy Services, Inc. ("Kana") and Surface Supply, LLC ("Surface") in Texas state court.  On May 5, 2016, the case was removed to this Court.  WDI now moves to file an amended complaint.  The Court grants WDI's motion.

### Jurisdiction

The District Court has jurisdiction in this case pursuant to 28 U.S.C. § 1334(a).

### Bankruptcy Court's Authority

This proceeding centers on the alleged tortious interference by Kana with WDI's exclusive contract with Jiangsu Jinshi Machinery ("JMP") and China Petroleum Technology & Development Corporation ("CPTDC").  This Court may not issue a final order or judgment in matters within the exclusive authority of Art. III courts.  *Stern v. Marshall*, 564 U.S. 462, 502 (2011).  Kana consented to this Court's authority to enter a final judgment in its notice of

removal.  (ECF No. 1 at 5).  *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1939 (2015) ("We hold that Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge.").  Moreover, because the Court does not at this time dispose of any claims by issuance of a final order, it need not now decide the extent of its authority over the claims in this proceeding.  *In re Yazoo Pipeline Co., L.P.*, 459 B.R. 636, 642 (Bankr. S.D. Tex. 2011).

Accordingly, this Court has authority to rule on WDI's motion for leave to file an amended complaint.

## Background

On February 17, 2014, WDI first filed suit in Texas state court naming Kana and Surface as defendants.  (ECF No. 1 at 3; ECF No. 26 at 1).  WDI subsequently filed for chapter 11 bankruptcy on March 4, 2016, and removed the lawsuit to this Court on May 25, 2016.

WDI argues that Kana tortiously interfered with WDI's exclusive oilfield equipment supply contract with JMP and CPTDC.  (ECF No. 26 at 2).  WDI alleges that Kana bought JMP equipment through JMP's subsidiary Jiangsu Jinjia Drilling and Production Equipment Co. Ltd. ("JHK").  (ECF No. 26 at 2).  Kana's purchases allegedly tortiously interfered with WDI's exclusivity contract with JMP because: (1) JHK was a controlled subsidiary of JMP; (2) JMP controlled the implementation of Kana's orders to JHK; and (3) JMP, one of its owners, and Kana's owners owned JHK and used it as JMP's proxy to compete with WDI.  (ECF No. 26 at 2).

Kana filed a motion for summary judgment against WDI on June 17, 2016.  Kana asserted in its motion for summary judgment that WDI's claim was barred by the statute of limitations and its failure to satisfy the element of "intentional interference" necessary for its

tortious interference claim.  (ECF No. 4 at 2).  WDI subsequently filed the instant motion for leave to file an amended complaint on August 4, 2016.  WDI seeks to amend the complaint to: (1) clearly identify JHK's relationship with JMP and Kana; (2) add a claim for breach of contract against Kana based on Kana's motion for summary judgment; (3) dismiss Surface Supply, LLC as a party defendant; and (4) enable the incorporation of specific statements of facts from state court discovery relating to the relationship between Kana, JMP, and JMP's subsidiaries.  (ECF No. 26 at 3).  Kana opposes WDI's request for leave to amend its complaint, alleging that WDI fails to meet the standards for leave to amend under Federal Rules of Civil Procedure 15 and 16.

**Analysis**

*Rule 16*

Kana cites Federal Rule of Civil Procedure 16 in support of its argument that WDI must show good cause in order to modify the scheduling order for the purpose of amending its complaint.  (ECF No. 27 at 3).  Particularly, Kana argues that the state court scheduling deadline for filing an amended complaint has passed, requiring this Court to determine whether to modify the scheduling order under Rule 16(b)(4) before considering WDI's motion for leave to amend its complaint under Rule 15.  (ECF No. 27 at 3).  *See Saldivar v. Texas Dep't of Assistive & Rehab. Servs.*, No. CIV.A H-08-1820, 2009 WL 3386889, at *8 (S.D. Tex. Oct. 13, 2009) ("Once a scheduling order deadline to amend a pleading has expired, the party seeking to amend is effectively asking the court for leave to amend both the scheduling order and the pleading.").

Under 28 U.S.C. § 1450, all orders entered in a state court action "prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  28 U.S.C. § 1450 (2015); *Louisiana v. Guidry*, 489 F.3d 692, 697–98 (5th Cir. 2007) ("[I]nterlocutory state

court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed.").

In this case, the Agreed Docket Control Order entered in state court established May 11, 2016, as the deadline for filing all amendments and supplements. (ECF No. 26-2 at 3). This Court did not dissolve or modify the state court order; accordingly, it remains in effect. Although the parties agreed to suspend all *pending* deadlines within the Agreed Docket Control Order on May 18, 2016, the deadline for amending the complaint had already passed. (ECF No. 26-2 at 3–4). A May 11, 2016 deadline was no longer a *pending deadline* when the May 18, 2011 agreement was executed. Therefore, the deadline for filing all amendments by May 18, 2016, applied to this case and expired before WDI's motion.

Where a motion to amend under Rule 15(a) is filed after the deadline for such motions set by a scheduling order in the district court, Rule 16(b) governs the amendment. *S & W Enters. LLC v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003). For that reason, Rule 16 applies to WDI's motion for leave to amend its complaint.

Rule 16(b)(4) provides that, once a scheduling order is entered, it "may be modified for good cause and with the judge's consent." FED. R. BANKR. P. 7016; FED. R. CIV. P. 16(B)(4). Accordingly, as to a post-deadline amendment, "a party must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). The Rule recognizes that "the parties will occasionally be unable to meet [deadlines] because scheduling order deadlines are [generally] established relatively early in the litigation." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (9th Cir. 2004). As a result, the Court may extend a scheduling order deadline upon a showing of good cause by the moving party. Good cause requires that "the 'party seeking relief

. . . show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters.*, 315 F.3d at 535.

Four factors in particular are relevant to the Court's determination of good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S & W Enters.*, 315 F.3d at 536). Overall, the Court has "'broad discretion to preserve the integrity and purpose of the pretrial order,' which, toward the end of court efficiency, is to expedite pretrial procedure." *S & W Enters.*, 315 F.3d at 536 (quoting *Hodges v. United States*, 596 F.2d 1014, 1018 (5th Cir. 1979)).

The Court's consideration of these good cause factors weighs in favor of finding that WDI showed the good cause necessary to extend the deadline to amend its complaint under Rule 16(b)(4). The importance of WDI's proposed amendments, the lack of a clear prejudice to Kana, and the potential ability of a continuance to cure or minimize any prejudice against Kana outweigh the lack of an adequate explanation for the length of WDI's delay in amending its complaint. Therefore, the Court finds that WDI showed the good cause necessary to extend the deadline to amend its complaint.

WDI's explanation for its failure to timely move for leave to amend its complaint is inadequate. Although WDI did not uncover JHK's and JMP's relationship until 2014 nor discover the extent of that relationship until state court discovery in 2015, WDI fails to provide persuasive reasons for failing to amend its complaint until after the deadline to do so expired on May 11, 2016. Because of this lack of adequate explanation for the substantial length of time

between WDI's uncovering of JHK's and JMP's relationship and its motion, this factor weighs against a finding of good cause.

However, the importance of WDI's amendments weighs in WDI's favor. Specifically, JHK sales took place from 2012–14 and appear to be within the applicable statute of limitations for WDI's original claim of tortious interference. (ECF No. 6 at 5). Also, in light of Kana's summary judgment argument that Kana is not a "stranger" to the tortious interference, allowing WDI to amend its complaint to include a breach of contract claim is important. (ECF No. 6 at 21–24).

The Court also finds the potential prejudice to Kana in allowing the amendments to be unclear and thus unpersuasive in argument against WDI's amendments. Just like any amendment, the purpose of the amendment is to improve WDI's litigation position. WDI's amended complaint may require additional discovery. However, it remains uncertain from Kana's arguments that WDI's amendments would require more than a minimal amount of additional discovery.

If additional discovery is required, it can easily be accommodated by a brief continuance.

Because of the importance of WDI's proposed amendments, the lack of a clear prejudice to Kana, and the potential ability of a continuance to cure any such prejudice, WDI showed the good cause necessary to extend the deadline to amend its complaint under Rule 16(b)(4). *See Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167–68 (5th Cir. 2010) ("Because disallowing the amendment would have left Meaux dead in the water, the court held that modification of the pretrial order was 'warranted to prevent substantial injustice.' This finding is watertight. Additionally, the prejudice to defendants was minor.").

The Court modifies the scheduling order to allow WDI to motion for leave to amend its complaint.

**_Rule 15_**

Having found to extend the amendment deadline, the Court applies Rule 15 to WDI's motion. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

Rule 15 governs motions to amend a complaint made before trial and provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Bankruptcy Rule 7015 makes Rule 15 applicable in contested matters in bankruptcy court. The 5th Circuit observed that "Rule 15(a) 'evinces a bias in favor of granting leave to amend.'" *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A movant is required to give the court some notice of the nature of his or her proposed amendments. *Thomas v. Chevron U.S.A., Inc.*, No. 15-20490, 2016 WL 4254374, at *3 (5th Cir. Aug. 11, 2016). "[I]n order to take advantage of the liberal amendment rules as outlined in the Federal Rules of Civil Procedure, the party requesting amendment, even absent a formal motion, need only 'set forth with particularity the grounds for the amendment and the relief sought.'" *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330–31 (5th Cir. 2003) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386–87 (5th Cir. 2003)). Although no strict guidelines exist as to what constitutes a sufficient request for leave to amend, it is clear that some specificity is required. *Thomas*, 2016 WL 4254374, at *3.

Here, WDI provided adequate notice of the nature of its proposed amendments by including the substance of its proposed amendments within its motion for leave to amend its

complaint.  (ECF No. 26 at 3).  Therefore, WDI meets the Rule 15 requirement to provide some notice of the nature of its proposed amendments.

If proper notice was given, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment when deciding whether to grant leave to amend.  *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 314 (5th Cir. 1996) (citations omitted).

WDI filed its motion for leave to amend the complaint only ten days after Kana's motion for summary judgment.  This filing does not constitute an undue delay.  *See, e.g.*, *Thomas*, 2016 WL 4254374, at *1 (allowing the amendment of a complaint after the filing of a motion for summary judgment).  Additionally, no evidence demonstrates that WDI's filing of its motion was in bad faith or dilatory conduct, nor is there a history in this case of a failure to cure deficiencies by previously allowed amendments.  Finally, WDI's proposed amendments would not be futile.  To determine whether an amendment would be futile, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (quoting *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000)).  In order to state a claim under Rule 12(b)(6), a plaintiff must meet Rule 8(a)(2)'s pleading requirements.  Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Ashcroft v. Iqbal*, the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct."  556 U.S. 662, 679 (2009).  Here, WDI's claims are adequately explained by its factual allegations.  WDI's motion is not futile.

As stated before, the Court finds WDI's explanation for its failure to timely move for leave to amend its complaint to be inadequate, thus weighing against its motion as an undue delay.  Additionally, WDI's amended complaint may require additional discovery.  However, these factors fail to outweigh the bias in favor of granting WDI leave to amend.

The Court concludes that WDI provided adequate notice of the nature of its proposed amendments in satisfaction of Rule 15(a)(2).  Because the Court finds no undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility, the Court allows WDI leave to file an amended complaint.

## Conclusion

The Court will issue an order consistent with this Memorandum Opinion.

SIGNED **September 14, 2016.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE